UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:04-CR-92 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MICHAEL JOHNSON ) | |
| ) | |

**O R D E R**

On July 24, 2005, Defendant Michael Johnson ("Defendant") filed a motion for a mental and physical evaluation (Court File No. 91). On July 28, 2005, Magistrate Judge William B. Carter granted Defendant's motion for a mental and physical evaluation only "to determine if the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense at the sentencing phase of the case and to evaluate and/or treat the defendant for headaches and backaches" (Court File No. 94). On May 25, 2006, Defendant filed a motion for a psychiatric exam by an independent examiner (Court File No. 123). This motion for a second, independent psychiatric examination is presently before the Court.

Defendant was evaluated by the Bureau of Prisons ("BOP evaluation"). Warden Joe W. Booker wrote a letter to Magistrate Judge Carter and enclosed the opinion of the evaluating clinician which stated Defendant "displayed a factual and rational understanding of the proceedings against him, and demonstrated sufficient present ability to consult with his attorney with a reasonable degree of rational understanding." The report states Defendant "is not suffering from a mental disease or defect rendering him incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense."

Defendant's competency was never brought into question before he stood trial on these

charges. In support of his present motion, Defendant asserts the BOP evaluation "was not conducted in a fair and impartial manner. The Defendant feels it was goal oriented in nature" (Court File No. 123). Defendant presents no further evidence of incompetency in support of his request for an independent evaluation. Defendant provides no evidence to show anything has happened between the time of the BOP evaluation and the present time to indicate he is no longer able to properly assist counsel in his defense at the sentencing phase. Therefore, the Court hereby **DENIES** Defendant's motion for a psychiatric exam by an independent examiner (Court File No. 123).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**