UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:04-cr-92 |
| v. | ) | |
| | ) | Judge Collier |
| MICHAEL JOHNSON | ) | |

## MEMORANDUM & ORDER

Before the Court is a joint motion by the United States (the "Government") and Defendant, Michael Johnson, asking the Court to grant Defendant expedited relief under Section 404 of the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act (the "First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). (Doc. 256.) The parties request the following relief: to reduce Defendant's sentence of incarceration to time served; to reduce Defendant's term of supervised release as to Count One; to transfer jurisdiction over Defendant's supervised release to the Southern District of Mississippi; and to defer the effective date of the sentence reduction until the earlier of ninety days or the Southern District of Mississippi's acceptance of jurisdiction over Defendant's supervised release. (*Id.*)

## I.    BACKGROUND

On April 20, 2005, Defendant was found guilty on four counts of the Superseding Indictment after a jury trial. (Docs. 236, 237.) On May 21, 2009, the Court resentenced Defendant to a total of three hundred months' imprisonment on those four counts: (1) conspiracy to distribute five grams or more of cocaine base (Count One); (2) felon in possession of a firearm (Count Two); (3) aiding and abetting possession with intent to distribute cocaine base (Count Three); and (4) aiding and abetting possession of a firearm in relation to a drug trafficking crime (Count Four). (Doc. 167.) The sentence included a substantial upward variance from Defendant's guideline

range of two hundred to 235 months based on Defendant's extensive and violent criminal history and the need to protect the public from Defendant's future crimes. (*Id.*; Doc. 171 at 37–38 [May 21, 2009, Hearing Tr.].)

Defendant later moved to reduce his sentence pursuant to the First Step Act. (Docs. 232, 240.) Upon consideration of the parties' respective briefs, the Court concluded Defendant was eligible for a reduction but a reduction was not appropriate under the 18 U.S.C. § 3553(a) factors. (Doc. 243.) A divided panel of the Court of Appeals for the Sixth Circuit found this Court's denial of Defendant's motion to be substantively unreasonable. (Doc. 251.) The Court of Appeals accordingly reversed the denial of the motion for reduction, vacated Defendant's sentence, and remanded the case to this Court for further consistent proceedings. (*Id.*)

The mandate issued on April 18, 2022. (Doc. 252.) The Court then stayed the case pending a decision from the Supreme Court in *United States v. Concepcion*, No. 20-1650, at the parties' joint request. (Docs. 254, 255.) *Concepcion* was decided on June 27, 2022. *United States v. Concepcion*, __ S. Ct. __, No. 20-1650, 2022 WL 2295029 (June 27, 2022). On July 8, 2022, the parties filed their joint motion requesting the relief outlined above. (Doc. 256.) They ask for expedited consideration given the amount of time Defendant has spent in custody. (*Id.* at 1.)

## II.    **DISCUSSION**

As the Court has previously found and as affirmed by the Court of Appeals, Defendant is eligible for a reduction under the First Step Act. (Doc. 243 at 3–4; Doc. 251 at 11.) Specifically, Defendant's conviction on Count One is for a "covered offense" under the First Step Act the offense was committed before August 3, 2010, and no exception applies. (*See* Doc. 243 at 3–4.)

Next, the Court must calculate the applicable guideline range. *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). The Court of Appeals has affirmed this Court's previous

calculation of the guideline range as 160 to 185 months. (Doc. 243 at 5; Doc. 251 at 8 n.2.) The parties do not dispute that this is the correct guideline range for the Court to consider now.[1]

The final question is whether the sentencing factors in 18 U.S.C. § 3553(a) support a reduction in sentence.[2] *See Boulding*, 960 F.3d at 784. This Court previously considered the factors and concluded Defendant's sentence of three hundred months remained appropriate under the First Step Act. (*See* Doc. 243 at 5–7.) The Court of Appeals, however, found this conclusion to be an abuse of discretion, in that it "gave too little weight to 'the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct[]'" and gave too much weight to "the nature of Johnson's offense, his criminal history and characteristics, and the need for the sentence to deter future criminal conduct and protect the public." (Doc. 251 at 20 (quoting 18 U.S.C. § 3553(a)(6)).)

The Court must therefore reconsider the § 3553(a) factors in light of the opinion of the Court of Appeals. In doing so, the Court puts substantial weight on the fact that the Government joins with Defendant in arguing that a time-served sentence adequately serves the § 3353(a) factors in this case. First, the Court of Appeals has concluded Defendant's offense conduct "does not stand out from similar cases in which we have applied sentences within or below the guidelines range." (*Id.* at 14–15.) In addition, it has concluded Defendant's "criminal history places him within the landscape of 'typical' defendants whose sentences have nevertheless been reduced pursuant to the First Step Act." (*Id.* at 15–16.) Next, the Court of Appeals found this Court previously "gave too much weight to" the need to protect the public from future crimes of

---

[1] The Government notes that the Supreme Court's decision in *Concepcion* may have changed the guideline calculation here, but the Government does not suggest a different calculation for the Court to apply or dispute that a time-served sentence is appropriate here, regardless of any differences such a new calculation might cause. (*See* Doc. 256 at 4 n.1.)

[2] The parties agree that a resentencing hearing is not necessary. (Doc. 256 at 3.)

3

Defendant, concluding that Defendant's statistically higher "risk of reoffending . . . is already factored into the lower, applicable guideline range." (*Id.* at 17.) The Court of Appeals also held this Court failed to give adequate weight to the need to avoid unwarranted sentencing disparities, taking judicial notice of "Sentencing Commission data show[s] that most crack offenders in [Defendant's] Criminal History Category are now sentenced below their applicable guidelines ranges." (*Id.* at 19 & n.10.) Finally, the Court considers that Defendant has served 219 months in custody. (Doc. 256-3 at 1.) This is thirty-four months longer than the top of Defendant's current guideline range.

In light of Defendant's guideline range of 160 to 185 months of incarceration, the 219 months he has served in custody, the Court of Appeals' analysis of the § 3553(a) factors, and the agreement of the parties, the Court concludes that a sentence of time served is appropriate in Defendant's case. The Court will issue an amended judgment reducing Defendant's sentence of incarceration to time served.

The parties also submit that Defendant's term of supervised release for Count One should be reduced from five years to three years, as his offense is now punishable under 21 U.S.C. § 841(b)(1)(C), rather than 21 U.S.C. § 841(b)(1)(B). The Court finds this change is appropriate and will amend the judgment accordingly. As stated by the parties, this will not affect Defendant's aggregate term of five years of supervised release.

The parties' last request is for the Court to transfer jurisdiction over Defendant's supervised release to the Southern District of Mississippi. (Doc. 256 at 6.) Defendant has family support in Biloxi, Mississippi, which he believes will "substantially improve his chances of success while on supervised release." (*Id.*) In order to facilitate this change of jurisdiction and support Defendant's successful reentry into society, the parties ask for a delay in the effective date of the sentence

reduction until the earlier of ninety days from the entry of the order or until the Southern District of Mississippi accepts the transfer of jurisdiction.[3] The Court concludes this request is reasonable and will grant it.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the stay is **LIFTED** and the parties' joint motion (Doc. 256) is **GRANTED**. The Court will issue an amended judgment reducing Defendant's term of incarceration to time served, reducing Defendant's term of supervised release on Count One to three years, and delaying the effective date of the amended judgment by ninety days or until the Southern District of Mississippi accepts the transfer of jurisdiction, whichever is earlier.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Upon consultation with the United States Probation Office, the Court is informed that the Bureau of Prisons will initiate the transfer-of-jurisdiction process upon receipt of the amended judgment. If the parties believe further action on the Court's part is necessary to initiate the transfer, they are **INSTRUCTED** to file an appropriate motion with the Court promptly.